NATHANIEL B. WOODRUFF, Respondent.

*vs.*

MATHEW L. LOCKERBY, HIRAM MORLEY, and
WARREN MORLEY, Appellants.

APPEAL FROM CIRCUIT COURT, WAUSHARA COUNTY.

Where on the hearing of a bill to restrain a party from maintaining a dam across a river, because the raising of the water tended to change its course into other channels, the testimony consists only of the opinion of witnesses, and in which there is a contrarity of opinion, the court will not on such evidence make the injunction perpetual. Before a complainant can have a decree in his favor, it is essential that he should prove the allegations of his bill, in order to entitle himself to the relief which he seeks.

This was an action commenced by bill in chancery to restrain the defendants from erecting and maintaining a dam across the Mechan river, in the county of Waushara. The statements of the bill, and the facts of the case are sufficiently disclosed in the opinion of the court. The decree of the court perpetually enjoined and restrained the maintaining of the dam. From which the defendants appealed.

*Webb & Wheeler, and E. S. Bragg,* for appellants.

*H. S. Orton,* for respondent.

*By the Court,* WHITON, C. J.   The bill in this case was filed for the purpose of preventing the keeping up and maintaining a dam across the Mechan River by the defendants. The bill states in substance that the complainant is the owner

of a dam built across the Mechan River, and of mills which are worked by means of the water raised by the dam; that the Mechan River rises in Mechan Lake and issues therefrom; that two or three rivulets also rise in Mechan Lake and run in different directions from the Mechan River, upon which the dam and mills of the complainant are situated; that the Mechan Lake is formed by springs which rise in the lake; that the dam and mills of the complainant are about four miles distant from the said lake; that the defendants are engaged in erecting a dam across the said river about sixty rods below said Mechan Lake, and did on the 23d day of June, A. D. 1856, shut down and close up their dam, thereby obstructing the flow of water in the said river to the dam and mills of the complainant; that the dam of the defendants so raised the water in Mechan Lake that it flows out through the other rivulets which issue from the lake in such a manner as almost to destroy the water power of the complainant, situated upon the said river. To the bill of the complainant the defendants filed an answer denying most of the material allegations of the bill. The case went to a hearing, and the circuit court decreed a perpetual injunction against the defendants. The defendants appealed to this court, and the question for us to decide is, whether upon the pleadings and testimony the decree is right.

The testimony offered by the complainant to maintain the allegations of his bill, and also to show that the waters of Mechan Lake in consequence of being raised by the defendants' dam above their natural level, ran off through subteraneous channels instead of running in the channel of Mechan River, was very voluminous. It consisted in a great measure of the opinions of witnesses, and for this reason was not of the most satisfactory kind. These remarks apply also to the testimony of the defendants. The opinions of the witnesses who testified on their behalf were to a great extent in direct

Woodruff vs. Lockerby et al.

conflict with the opinions of those who testified on behalf of the complainant. We have no intention of examining the testimony of each witness separately, as such an effort would consume much time and space and would not answer any useful purpose. It is essential that the complainant should prove the allegations of his bill, in order to entitle himself to the relief which he seeks. The burden of proof is on him, and looking at the testimony which has been introduced, we are obliged to conclude that it falls far short of showing that the allegations of the bill are true, or that the waters of Mechan Lake escape by subterraneous channels as was the opinion of some of the witnesses.

The decree of the circuit court must therefore be reversed, and the cause remanded for further proceedings.